## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: Michael Rohde | ) | Case No. |
| | ) | |
| Plaintiff | ) | COMPLAINT |
| | ) | |
| v. | ) | |
| | ) | |
| GC Services Limited Partnership | ) | |
| 6330 Gulfton | ) | |
| Houston, TX 77081 | ) | |
| | ) | Jury Demand Requested |
| | ) | |
| Defendant | ) | |

## COMPLAINT

Now comes Plaintiff, by and through his attorneys, and, for her Complaint alleges as follows:

1. Plaintiff, Michael Rohde, brings this action to secure redress from unlawful collection practices engaged in by Defendant, GC Services Limited Partnership (hereinafter "GC"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. ("FDCPA").

2. The Seventh Circuit Court of Appeals stated in *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols & Carlk, LLC.*, 214 F.3d 872, 875 (7th Cir. 2000), that the FDCPA requires a debt collector to state "the amount of the debt" that they are trying to collect.

3. The Court in *Miller* spelled out safe harbor language for collecting debts that are accuring interest or other fees after the date of the initial dunning letter. Id.

4. Following *Miller*, the Seventh Circuit Court of Appeals stated in *Chuway v. Nat. Action Services*, 362 F. 3d 944 (7th Cir. 2004), stated that if a Debt Collector is "trying to collect the listed balance plus the interest running on

it or other charges, he should use the safe harbor language of *Miller:* As of the date of this letter, you owe $___[the exact amount due]. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection  For further information, write the undersigned or call 1-800-[phone number]." *Id.*

5. The FDCPA broadly prohibits any false, misleading or deceptive threats in connection with the collection of a debt 15 U.S.C. Section 1692e.

6. A debt collection may not imply outcomes that are not legally able to come to pass.  *Lox v. CDA, Ltd.*, 689 F.3d 818, 825 (7th Cir. 2012)

7. The Seventh Circuit has stated that "[w]hen language in a debt collection letter can reasonably be interpreted to imply that the debt collector will take action it has no intention or ability to undertake, the debt collector that fails to clarify that ambiguity does so at its peril." *Lox v. CDA, Ltd.*, 689 F.3d 818, 825 (7th Cir. 2012) (citing *Gonzales v. Arrow Financial Services,LLC*, 660 F.3d 1055, 1063 (9th Cir. 2011)).

8. In *Wilder vs. J.C. Christensen & Associates, Inc.* (Case No. 16-cv-1979) (N.D.IL 2016), the Court stated "literally true conditional language in a dunning letter can be deceptive if the action suggested is legally prohibited." *Id.*

9. The Sixth Circuit Court of Appeals stated "[I]f  Plaintiff can show that interest or charges could never accrue and therefore the balance owed is truly fixed, then his claim should be allowed to go forward to determine if, under those circumstances, Defendants' letter was threatening or materially misleading." *Walker v. Shermeta, Adams, Von Allment*, PC 623 F. App'x 764, 768 (6th Cir. 2015).

10. Recently, the Seventh Circuit Court of Appeals stated that the "safe harbor" language given in *Miller v. McCalla, Raymer Padrick, Cobb, Nichols, & Clark, LLC*, 214 F.3d 872 (7th Cir. 2000) is not a defense to

situations that can not legally come to pass. Recently, the Seventh Circuit Court of Appeals weighed into the statement in paragraph 24 that it is not a protection to use this language when an outcome is being suggested that is impossible to come to pass. *Boucher v. Fin. Sys. Of Green Bay, Inc.*, No. 17-2308, (7th Cir., 2018).

11. In the same Opinion, the Seventh Circuit Court of Appeals stated that Debt Collectors must tailor boiler plate language to avoid ambiguity. *Id.* at 371.

12. Moreover, the Court in *Boucher* stated that a Debt Collector is not entitled to safe harbor language if it provides inaccurate language. *Spuhler vs. State Collection Services, Inc.*, 18-cv-01149, (E.D. Wis. 2018).

13. It has been held to be "[I]mpermissible for a creditor to make a "may" statement about something that is illegal or impossible." *Heredia v. Capital Mgmt Servs., L.P.,* 942 F.3d 811 (7th Cir. 2019)

## JURISDICTION AND VENUE

14. This court has jurisdiction pursuant to 28 U.S.C. Section 1331, 1337, 1367; and 15 U.S.C. section 1692(d).

15. Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

## STANDING AND INJURY

15. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

16. Specifically, Plaintiff suffered a concrete informational injury as a result of Defendant's failure to provide truthful information in connection with its attempt to collect an alleged debt from Plaintiff.

17. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

## PARTIES

18. Plaintiff incurred an obligation to pay money, the primary purpose of which was for personal, family, or household uses (the "Debt").

19. Plaintiff is a resident of the State of Illinois.

20. Defendant ("GC. "), is a Texas business entity with an address of 6330 Gulfton, Houston, Texas 77081 operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. Section 1692a(6).

21. Unless otherwise stated herein, the term "Defendant" shall refer to GC.

22. Defendant uses instruments of interstate commerce for its principal purpose of business, which is the collection of debts.

23. At all relevant times, Defendant owned the Debt or was retained to collect the Debt.

24. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. Section 1692(a)(5)

## FACTS APPLICABLE TO ALL COUNTS

1692e

25. Plaintiff received an initial collection letter from Defendant on or about June 13, 2020.

26. Said letter states that "[W]e are writing to let you know that your account with Citibank, N.A. with a new balance of $4,801.95, has been referred to us." See See Exhibit A.

27. Below that, said letter states "[A]s of the date of this letter, you owe $4801.95, Because of interest, late charges and other charges that may vary from day to day, the amount due on the day you pay may be greater." See Exhibit A.

28. However, Defendant is collecting for Citibank and the type of debt incurred by Plaintiff is a Citibank "Citi Simplicity Card." See Exhibit B.

29. This type of debt has no late fees and not "other fees." See Exhibit B and C.
30. Defendant is telling Plaintiff that there are consequences and outcomes that can not legally come to pass.

1692g

31. As stated above, Plaintiff received first collection letter on June 13, 2020. See Exhibit A.
32. On or about July 3, 2020, Plaintiff received the second collection letter from Defendant for this matter. See Exhibit D.
33. Said letter stated "[W]e'd like to let you know that our client, Citibank, N.A., has authorized us to make you a settlement offer on your account. If you pay 50% of the New Balance, our client will consider your account settled. See Exhibit D.
34. Said letter goes on to state "[P]lease note the payment must be for the exact amount stated in this letter and must be received no later than fourteen (14) days from the date of this letter or this particular offer will be null and void." See Exhibit D.
35. This deadline for settlement occurs before the thirty day period set forth in the Defendant's initial collection letter. See Exhihit A.
36. Defendant is overshadowing Plainiff's rights under 1692g(a) by giving a deadline before the thirty days and not explaining how this deadline effects Plaintiff's rights under 15 U.S.C. Section 1692g(a)

Violations of the FDCPA

37. Defendant violated 15 U.S.C. Section 1692e by implying outcomes that can not legally come to pass with "other fees" that may be with the debt.

<strong><u>PRAYER FOR RELIEF</u></strong>

38.   Plaintiff demands the following relief:

   WHEREFORE, the Court should enter Judgment in favor of Plaintiff and against Defendant for:
   (1) Statutory damages;

(2) Attorney fees, litigation expenses and costs of suit; and

(3) Such other and further relief as the Court deems proper.

**<u>JURY DEMAND</u>**

(1) Plaintiff demands a trial by jury.

                Respectfully submitted,
/s/ John Carlin
  John P. Carlin #6277222
  Suburban Legal Group, PC
  1305 Remington Rd., Ste. C
  Schaumburg, IL 60173
  jcarlin@suburbanlegalgroup.com
  Attorney for Plaintiff